UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TYRONE MALONE,<br><br>    Petitioner,<br><br>  v.<br><br>NEIL MCDOWELL,<br><br>    Respondent. | Case No. CV 20-8065-JAK (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

On September 1, 2020, Edward Tyrone Malone ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254, in which he appears to challenge a 2009 decision by the California Board of Parole Hearings ("Board") to defer his next parole hearing for ten years pursuant to California law and the state courts' subsequent determination that his challenge to the 2009 parole decision was mooted by the Board's 2019 parole decision. (Petition at 5-12.)[1]

For the reasons set forth below, the Petition should be summarily dismissed with prejudice.

---

[1] The Court refers to the pages of the Petition as numbered by the CM/ECF system.

**BACKGROUND**

In 1990, Petitioner was convicted of two counts of attempted murder with enhancements and was sentenced to a term of life in prison with the possibility of parole, plus 5 years 8 months. (Pet. at 2.) His minimum eligibility for parole date was December 14, 2007. (Pet. at 76.) At a parole hearing in 2009, Petitioner was denied parole with his next parole suitability hearing to be held in ten years. (Pet. at 9, 40.) His latest parole suitability hearing took place on March 13, 2019, in which he was denied parole with his next parole suitability hearing to be held in five years. (Pet. at 40, 59, 76-90.)

**PETITIONER'S CLAIMS**

In this action, Petitioner raises the following claims: (1) the Board's 2009 decision to defer Petitioner's next parole hearing for ten years was an improper application of California's Marsy's Law[2] and violated his right to "due process of law as well as his constitutional rights guaranteed under the 14th, 8th, 5th Amendment[s] of the Constitution" (Pet. at 5-9); (2) the state courts violated Petitioner's rights and improperly applied Marsy's Law when they found that Petitioner's challenge to the 2009 Board decision was without merit and was mooted by the Board's 2019 decision (Pet. at 5, 9-12).

**DISCUSSION**

**I.  Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

---

[2] Under California Proposition 9 ("Marsy's Law"), enacted in 2008, the minimum deferral period between parole hearings was increased from one to three years, and the maximum deferral period from five to fifteen years. See Gilman v. Brown, 814 F.3d 1007, 1010-11 (9th Cir. 2016).

## II. The Petition Should Be Summarily Dismissed

Petitioner's claims are clearly foreclosed by law, and the Petition should be summarily dismissed with prejudice.

### A. Applicable Law

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the Board and/or the governor. See Swarthout v. Cooke, 562 U.S. 216, 222 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary bases for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 220-21.

Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due process protection of that interest" have been met. Id. at 221. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id.; see also Miller v. Oregon Board of Parole and Post–Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout] that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. Swarthout, 562 U.S. at 220. The Ninth Circuit has acknowledged that, after Swarthout, substantive challenges to parole decisions are not cognizable on habeas review. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

### B. Claim One Is Without Merit

In Claim One, Petitioner contends that the Board improperly applied Marsy's Law to his case and violated his due process rights when it issued its 2009 decision denying parole and deferring the next parole hearing for ten years. (Pet. at 5-9.) Petitioner's claim is not cognizable on federal habeas review. There is no indication that the Board failed to give Petitioner an opportunity to be heard or a statement of the reasons for its 2009 decision. Although Petitioner does not attach a transcript, it is clear that a hearing was held and that Petitioner was informed of the basis of that decision. (See Pet. at 40.) Because Petitioner has not shown that the procedures followed by prison officials were constitutionally deficient, there is no basis for federal habeas relief on Claim One. See Swarthout, 562 U.S. at 220-21.

### C. Claim Two Is Without Merit

In Claim Two, Petitioner also argues that the state courts failed to properly consider his habeas petitions because they incorrectly applied Marsy's Law and improperly found his challenge to the 2009 Board decision to be moot following the Board's 2019 decision. (Pet. at 5, 9-12.) Petitioner fails to state a claim for relief. A federal habeas court may not reexamine a state court's interpretation and application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, claims of procedural errors in state post-conviction proceedings are not cognizable in federal habeas corpus. Ortiz v. Stewart, 149 F.3d 923, 939, 941 (9th Cir. 1998). Accordingly, Claim Two is without merit.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed with prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**ORDER**

IT IS HEREBY ORDERED that: (1) the Petition is dismissed with prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: October 14, 2020

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE